# IN THE COURT OF APPEALS OF IOWA

No. 16-0065
Filed June 15, 2016

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**TABATHA MARIE JONES,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Annette

Boehlje, District Associate Judge.

Tabatha Jones appeals the district court's sentencing order. **AFFIRMED.**

Sarah A. Reindl of Reindl Law Firm, Mason City, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant

Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

Tabatha Jones stole a shirt from a store. She pled guilty to third-degree theft and was sentenced to 200 days in jail. The court also imposed and suspended a $625 fine and thirty-five percent surcharge, ordered the payment of a $125 law enforcement initiative surcharge, required Jones to pay the store $44 in restitution, and ordered the payment of $60 in attorney fees.

On appeal, Jones contends the district court abused its discretion in sentencing her to a jail term and in ordering her to pay attorney fees. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) ("We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure."). We discern no abuse.

In sentencing Jones to jail, the district court cited her criminal history, which included several theft convictions. The court stated:

> You do not respect the property ownership of others and you don't seem to be getting the message because we continue to have you back over and over again. We've tried probation, it didn't work. I'm not granting you probation.
> . . . [I]f you continue to take stuff that is not yours whether that's from a store, whether that's from another individual, . . . you're going to sit in jail for a long period of time.

The court's reasoning was entirely appropriate. *See State v. Ealy*, No. 02-1527, 2003 WL 21458779, at *2 (Iowa Ct. App. June 25, 2003) (affirming sentence where defendant's "prior performance on both probation and parole had been poor" and "[t]he probation granted on one of his prior [crimes] had been revoked").

We turn to the court's attorney-fee order. Contrary to Jones' assertion, the court considered her ability to pay. After noting the attorney fee charge was

$198, the court stated, "I think she is able to pay since I am suspending the fine and surcharge[;] . . . at least $60 of that will be assessed." Significantly, Jones acknowledged in her written plea that the fines could be as high as $6250. In light of this acknowledgment and the district court's suspension of the fine, the court did not abuse its discretion in concluding she should pay $60 toward her attorney-fee obligation.

We affirm Jones' sentence for third-degree theft.

**AFFIRMED.**